IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

_____

UNITED STATES OF AMERICA

v.                                                      No. 4:14-CR-063-O

KEVIN BOULWARE (01)

## FACTUAL RÈSUMÈ

**INDICTMENT:**    Count One:   Receipt of a Visual Depiction of a Minor Engaged in Sexually Explicit Conduct

**PLEA:**    Guilty plea to Count One
Count One:   Receipt of a Visual Depiction of a Minor Engaged in Sexually Explicit Conduct, 18 U.S.C. § 2252(a)(2);

**MAXIMUM PENALTY:**    Count One:   Receipt of a Visual Depiction of a Minor Engaged in Sexually Explicit Conduct

Term of imprisonment for not less than five (5) years and not more than twenty (20) years and a fine up to the amount of $250,000, or twice the pecuniary gain or twice the pecuniary loss; a mandatory special assessment of $100; and a term of supervised release of five (5) years up to any term of years to life.  Revocation of the term of supervised release could result in an additional sentence of up to the term of supervised release.

Restitution to victims or to the community, which may be mandatory under the law, and which the defendant agrees may include restitution arising from all relevant conduct, not limited to that arising from the offense of conviction alone; costs of incarceration and supervision; and forfeiture of property.

**ELEMENTS OF THE OFFENSE:** In order to establish the offense alleged in Count One of the Indictment, the Government must prove the following elements beyond a reasonable doubt:

First: That on or about the date set out in the Indictment, the defendant did knowingly receive a visual depiction, as alleged in the Indictment, using any means or facility of interstate or foreign commerce

Second: That the production of such visual depiction involved the use of a minor engaging in sexually explicit conduct;

Third: that such visual depiction was of a minor engaged in sexually explicit conduct; and

Fourth: That the defendant knew that such visual depiction was of sexually explicit conduct and that at least one of the persons engaged in sexually explicit conduct in such visual depiction was a minor.

**STIPULATION OF FACTS:**

1.      Between June 13, 2010, and June 27, 2010, in the Fort Worth Division of the Northern District of Texas, defendant Kevin Boulware knowingly received by any means, including by computer, any visual depiction using any means and facility of interstate and foreign commerce, knowing the production of such visual depiction involves the use of a minor engaging in sexually explicit conduct and such visual depiction is of such conduct.  Specifically, Boulware used a computer and the Internet to receive the following visual depiction of a minor engaged in sexually explicit conduct:

| File name | Description of the file |
|-----------|-------------------------|
| 6-27.avi | A video file depicting a nude minor female masturbating |

2.      In February 2011, FBI agents interviewed Boulware at his home in Bridgeport, Texas.  During the interview, Boulware admitted chatting in 2010 with a 13-year-old-female who lived in Florida.  Boulware also admitted that the minor had masturbated on webcam and that he had preserved the video.  Boulware gave agents consent to take his computer.

3.      Boulware knew that the video, which he received via the Internet, depicted a minor engaged in sexually explicit conduct.  Boulware stipulates that he received the video file described in paragraph one through the Internet, a means and facility of interstate and foreign commerce.  Further, Boulware knew that the video depicted a real minor.

4.      A forensic examination of Boulware's computer, further described as one black CPU, serial number C09040101803, revealed that the video was captured between June 13, 2010 and June 27, 2010.

SIGNED and AGREED to on this the 17th day of APRIL, 2014.


_____
KEVIN BOULWARE
Defendant


_____
TIM EVANS
Attorney for Defendant