IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

UNITED STATES OF AMERICA

v.                                          No. 4:14-CR-063-O

KEVIN BOULWARE (01)

## PLEA AGREEMENT WITH WAIVER OF APPEAL

Kevin Boulware, the defendant, the defendant's attorney, and the United States of America (the government), agree as follows:

1.  **Rights of the defendant**:  Boulware understands that he has the rights

    a.      to plead not guilty;

    b.      to have a trial by jury;

    c.      to have his guilt proven beyond a reasonable doubt;

    d.      to confront and cross-examine witnesses and to call witnesses in his defense; and

    e.      against compelled self-incrimination.

2.  **Waiver of rights and plea of guilty**:  Boulware waives these rights and pleads guilty to the offense alleged in Count One of the Indictment.  Count One charges a violation of 18 U.S.C. § 2252(a)(2), that is, Receipt of a Visual Depiction of a Minor Engaged in Sexually Explicit Conduct.  Boulware understands the nature and elements of

the crime to which he is pleading guilty, and agrees that the factual resume he has signed

is true and will be submitted as evidence.

3.    **Sentence**:  The maximum penalties the Court can impose include:

   a.    term of imprisonment not less than five (5) years and not more than
         twenty (20) years;

   b.    a fine not to exceed $ 250,000.00, or twice any pecuniary gain to the
         defendant or loss to the victim(s);

   c.    a term of supervised release of at least five (5) years up to any term
         of years to life, which may be mandatory under the law and will
         follow any term of imprisonment.  If the defendant violates any
         condition of the term of supervised release, the Court may revoke
         such release term and require that the defendant serve an additional
         period of confinement;

   d.    mandatory special assessment of $100.00;

   e.    restitution to victims or to the community, which may be mandatory
         under the law;

   f.    costs of incarceration and supervision; and

   g.    forfeiture of property.

4.    **Court's sentencing discretion and role of the Guidelines**:  Boulware

understands that the sentence in this case will be imposed by the Court after consideration

of the United States Sentencing Guidelines.  The guidelines are not binding on the Court,

but are advisory only.  Boulware has reviewed the guidelines with his attorney, but

understands no one can predict with certainty the outcome of the Court's consideration of

the guidelines in this case.  Boulware will not be allowed to withdraw his plea if his

sentence is higher than expected.

Boulware fully understands that the actual sentence imposed (so long as it is within the statutory maximum) is solely in the discretion of the Court.

5.     **Mandatory Special Assessment:**  Prior to sentencing, Boulware agrees to pay to the U.S. District Clerk the amount of $100 in satisfaction of the mandatory special assessment in this case.

6.     **Defendant's agreement:**   Boulware shall give complete and truthful information and/or testimony concerning his participation in the offense of conviction. Upon demand, Boulware shall submit a personal financial statement under oath and submit to interviews by the government and the U.S. Probation Office regarding his capacity to satisfy any fines or restitution.  Boulware expressly authorizes the United States Attorney's Office to immediately obtain a credit report on him in order to evaluate the Defendant's ability to satisfy any financial obligation imposed by the Court. Boulware fully understands that any financial obligation imposed by the court, including a restitution order and/or the implementation of a fine, is due and payable immediately. In the event the Court imposes a schedule for payment of restitution, defendant agrees that such a schedule represents a minimum payment obligation and does not preclude the U.S. Attorney's Office from pursuing any other means by which to satisfy defendant's full and immediately enforceable financial obligation.  Boulware understands that he has a continuing obligation to pay in full as soon as possible any financial obligation imposed by the court.

7.    **Government's agreement:**  The government will not bring any additional charges against Boulware based upon the conduct underlying and related to Boulware's plea of guilty.

8.    **Forfeiture of property:**  Boulware agrees that the following property was used or intended to be used to commit, or to promote the commission of the offense described in Count One and is subject to forfeiture in accordance with 18 U.S.C. § 2253:

   a.    One black CPU, serial number C09040101803, seized pursuant to Boulware's consent on February 18, 2011, by FBI agents at Boulware's home in Bridgeport, Texas.

The defendant agrees not to contest, challenge, or appeal in any way the administrative or judicial (civil or criminal) forfeiture to the United States of any property noted as subject to forfeiture in the Information and in any bills of particulars, or seized or restrained by law enforcement officers during the investigation(s) related to this criminal cause.  The defendant consents to entry of any orders or declarations of forfeiture regarding all such property and waives any requirements (including notice of forfeiture) set out in 19 U.S.C. §§ 1607-1609; 18 U.S.C. §§ 981, 983, and 985; the Code of Federal Regulations; and Rules 11 and 32.2 of the Federal Rules of Criminal Procedure.  The defendant agrees to provide truthful information and evidence necessary for the government to forfeit such property.  The defendant agrees to hold the government, its officers, agents, and employees harmless from any claims whatsoever in connection with the seizure, forfeiture, storage, or disposal of such property.

9.     **Violation of agreement**:  Boulware understands that if he violates any provision of this agreement, or if his guilty plea is vacated or withdrawn, the government will be free from any obligations of the agreement and free to prosecute Boulware for all offenses of which it has knowledge.  In such event, Boulware waives any objections based upon delay in prosecution.  If the plea is vacated or withdrawn for any reason other than a finding that it was involuntary, Boulware also waives objection to the use against him of any information or statements he has provided to the government, and any resulting leads.

10.     **Voluntary plea**:  This plea of guilty is freely and voluntarily made and is not the result of force or threats, or of promises apart from those set forth in this plea agreement.  There have been no guarantees or promises from anyone as to what sentence the Court will impose.

11.     **Waiver of right to appeal or otherwise challenge sentence**: Boulware waives his rights, conferred by 28 U.S.C. § 1291 and 18 U.S.C. § 3742, to appeal from his conviction and sentence.  He further waives his right to contest his conviction and sentence in any collateral proceeding, including proceedings under 28 U.S.C. § 2241 and 28 U.S.C. § 2255.  Boulware, however, reserves the rights  to bring (a) a direct appeal of (i) a sentence exceeding the statutory maximum punishment, or (ii) an arithmetic error at sentencing; (b) to challenge the voluntariness of this plea of guilty or this waiver; and (c) to bring a claim of ineffective assistance of counsel.

12.    **Representation of counsel**:  Boulware has thoroughly reviewed all legal and factual aspects of this case with his lawyer and is fully satisfied with that lawyer's legal representation.  Boulware has received from his lawyer explanations satisfactory to him concerning each paragraph of this plea agreement, each of his rights affected by this agreement, and the alternatives available to him other than entering into this agreement. Because he concedes that he is guilty, and after conferring with his lawyer, Boulware has concluded that it is in his best interest to enter into this plea agreement and all its terms, rather than to proceed to trial in this case.

13.    **Limitation of Agreement**:  This agreement is limited to the United States Attorney's Office for the Northern District of Texas and does not bind any other federal, state, or local prosecuting authorities, nor does it prohibit any civil or administrative proceeding against Boulware or any property.

14.   **Entirety of agreement:**   This document is a complete statement of the parties' agreement and may not be modified unless the modification is in writing and signed by all parties.

AGREED TO AND SIGNED this 16th day of APRIL, 2014.

SARAH R. SALDAÑA
UNITED STATES ATTORNEY

_____
KEVIN BOULWARE
Defendant

_____
AISHA SALEEM
Assistant United States Attorney
State Bar of Texas No. 00786218
801 Cherry Street, Unit #4
Burnett Plaza, Suite 1700
Fort Worth, TX  76102-6897
Telephone:  817-252-5200
Facsimile:  817-252-5455

_____
TIM EVANS
Attorney for Defendant

_____
ALEX C. LEWIS
Deputy Criminal Chief

I have read (or had read to me) this Plea Agreement and have carefully reviewed every part of it with my attorney.  I fully understand it and voluntarily agree to it.

_____          4-16-14
KEVIN BOULWARE                            Date

I am the defendant's counsel.  I have carefully reviewed every part of this Plea Agreement with the defendant.  To my knowledge and belief, my client's decision to enter into this Plea Agreement is an informed and voluntary one.

_____          4/16/14
TIM EVANS                                 Date
Attorney for Defendant

Plea Agreement (Boulware) - Page 7

I have been advised, and understand, that under the Sex Offender Registration and Notification Act, a federal law, I must register and keep the registration current in each of the following jurisdictions:  where I reside; where I am an employee; and where I am a student.  I understand that the requirements for registration include providing my name, my residence address, and the names and addresses of any places where I am or will be an employee or a student, among other information.  I further understand that the requirement to keep the registration current includes informing at least one jurisdiction in which I reside, am an employee, or am a student not later than three business days after any change of my name, residence, employment, or student status.  I have been advised, and understand, that failure to comply with these obligations subjects me to prosecution for failure to register under federal law, 18 U.S.C. Section 2250, which is punishable by a fine or imprisonment or both.

_____       _____
KEVIN BOULWARE                         Date        4-16-14


I am the defendant's counsel.  I have carefully reviewed every part of this Plea Agreement with the defendant, including the notice that he is required to register as a sex offender.  To my knowledge and belief, my client's decision to enter into this Plea Agreement is an informed and voluntary one.

_____       _____
TIM EVANS                              Date        4/16/14
Attorney for Defendant