# United States District Court

NORTHERN DISTRICT OF TEXAS
Fort Worth Division

| UNITED STATES OF AMERICA | JUDGMENT IN A CRIMINAL CASE |
|---|---|
| v. | Case Number: 4:14-CR-063-O (01) |
|   | U.S. Marshal's No.: 47939-177 |
|   | Chris Wolfe, Assistant U.S. Attorney |
| KEVIN BOULWARE | Tim Evans, Attorney for the Defendant |

On April 21, 2014, the defendant, KEVIN BOULWARE, entered a plea of guilty to Count One of the One Count Indictment filed on March 26, 2014. Accordingly, the defendant is adjudged guilty of such count, which involves the following offense:

| Title & Section | Nature of Offense | Date Offense Concluded | Count Number(s) |
|---|---|---|---|
| 18 U.S.C. § 2252(a)(2) and 2252(b)(1) | Receipt of a Visual Depiction of a Minor Engaging in Sexually Explicit Conduct | June 27, 2010 | One |

The defendant is sentenced as provided in pages two through four of this judgment. The sentence is imposed pursuant to Title 18, United States Code § 3553(a), taking the guidelines issued by the United States Sentencing Commission pursuant to Title 28, United States Code § 994(a)(1), as advisory only.

The defendant shall pay immediately a special assessment of $100 for Count One of the One Count Indictment filed on March 26, 2014.

The defendant shall notify the United States Attorney for this district within thirty days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. fully paid.

Sentence imposed August 18, 2014.

_____
REED O'CONNOR
U.S. DISTRICT JUDGE


Signed August 28, 2014.

# IMPRISONMENT

The defendant, KEVIN BOULWARE, is hereby committed to the custody of the Federal Bureau of Prisons (BOP) to be imprisoned for a term of **SEVENTY-TWO (72) months** for Count One of the One Count Indictment filed on March 26, 2014.

The Court recommends to the BOP that the defendant be incarcerated at a facility that would allow the defendant to receive necessary medical treatment, if eligible.

The defendant is remanded to the custody of the United States Marshal.

# SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be placed on supervised release for a term of **TEN (10) years** for Count One of the One Count Indictment filed on March 26, 2014.

While on supervised release, in compliance with the standard conditions of supervision adopted by the United States Sentencing Commission, the defendant shall:

( 1)  not leave the judicial district without the permission of the Court or probation officer;
( 2)  report to the probation officer as directed by the Court or probation officer and submit a truthful and complete written report within the first five (5) days of each month;
( 3)  answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
( 4)  support the defendant's dependents and meet other family responsibilities;
( 5)  work regularly at a lawful occupation unless excused by the probation officer for schooling, training, or other acceptable reasons;
( 6)  notify the probation officer within seventy-two (72) hours of any change in residence or employment;
( 7)  refrain from excessive use of alcohol and not purchase, possess, use, distribute, or administer any narcotic or other controlled substance, or any paraphernalia related to such substances, except as prescribed by a physician;
( 8)  not frequent places where controlled substances are illegally sold, used, distributed, or administered;
( 9)  not associate with any persons engaged in criminal activity and not associate with any person convicted of a felony unless granted permission to do so by the probation officer;
(10)  permit a probation officer to visit the defendant at any time at home or elsewhere and permit confiscation of any contraband observed in plain view by the probation officer;
(11)  notify the probation officer within seventy-two (72) hours of being arrested or questioned by a law enforcement officer;
(12)  not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the Court; and
(13)  notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement, as directed by the probation officer.

In addition the defendant shall:

    not commit another federal, state, or local crime;

    not possess illegal controlled substances;

    not possess a firearm, destructive device, or other dangerous weapon;

    cooperate in the collection of DNA as directed by the U.S. probation officer;

report in person to the probation office in the district to which the defendant is released within seventy-two (72) hours of release from the custody of the Bureau of Prisons;

submit to urine surveillance to determine if the defendant has become involved in the use of illegal drugs;

participate in sex-offender treatment services as directed by the probation officer until successfully discharged, which services may include psycho-physiological testing to monitor the defendant's compliance, treatment progress, and risk to the community, contributing to the costs of services rendered (copayment) at the rate of at least $50 per month;

neither possess nor have under his/her control any pornographic matter or any matter that sexually depicts minors under the age of 18 including, but not limited to, matter obtained through access to any computer and any matter linked to computer access or use;

have no contact with the victim(s), including correspondence, telephone contact, or communication through third parties except under circumstances approved in advance by the probation officer and not enter onto the premises, travel past, or loiter near the victims' residences, places of employment, or other places frequented by the victims;

have no contact with minors under the age of 18, including by correspondence, telephone, internet, electronic communication, or communication through third parties. The defendant shall not have access to or loiter near school grounds, parks, arcades, playgrounds, amusement parks or other places where children may frequently congregate, except as may be allowed upon advance approval by the probation officer;

register as a sex offender with state and local law enforcement as directed by the probation officer in each jurisdiction where the defendant resides, is employed, and is a student, providing all information required in accordance with state registration guidelines, with initial registration being completed within three business days after release from confinement. The defendant shall provide written verification of registration to the probation officer within three business days following registration and renew registration as required by his probation officer. The defendant shall, no later than three business days after each change of name, residence, employment, or student status, appear in person in at least one jurisdiction and inform that jurisdiction of all changes in the information required in the sex-offender registry;

participate and comply with the requirements of the Computer and Internet Monitoring Program, contributing to the cost of the monitoring in an amount not to exceed $40 per month. The defendant shall consent to the probation officer's conducting ongoing monitoring of his/her computer/computers. The monitoring may include the installation of hardware and/or software systems that allow evaluation of computer use. The defendant shall not remove, tamper with, reverse engineer, or circumvent the software in any way. The defendant shall only use authorized computer systems that are compatible with the software and/or hardware used by the Computer and Internet Monitoring Program. The defendant shall permit the probation officer to conduct a preliminary computer search prior to the installation of software. At the discretion of the probation officer, the monitoring software may be disabled or removed at any time during the term of supervision; and,

submit to periodic, unannounced examinations of his/her computer/computers, storage media, and/or other electronic or Internet-capable devices, performed by the probation officer at reasonable times and in a reasonable manner based on reasonable suspicion of contraband evidence of a violation of supervision. This may include the retrieval and copying of any prohibited data and/or the removal of such system for the purpose of conducting a more thorough inspection. The defendant shall provide written authorization for release of information from the defendant's Internet service provider.

## FINE/RESTITUTION

The Court does not order a fine or costs of incarceration because the defendant does not have the financial resources or future earning capacity to pay a fine or costs of incarceration.

Restitution is not ordered because there is no victim other than society at large.

Judgment in a Criminal Case
Defendant:  KEVIN BOULWARE
Case Number:  4:14-CR-063-O (01)

Judgment -- Page 4f 4

# FORFEITED PROPERTY

As the result of his guilty plea on Count One of the One Count Indictment, the defendant KEVIN BOULWARE, shall forfeit the following to the Government pursuant to 18 U.S.C. § 2253(a) and Fed. R. Crim. P.32.2(b)(4)(B):

1. One black CPU, serial number C09040101803.

# RETURN

I have executed this judgment as follows:

_____
_____
_____

Defendant delivered on _____ to_____

at_____, with a certified copy of this judgment.

_____
United States Marshal

BY  _____
     Deputy Marshal